IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA LLC<br><br>v.<br><br>SEAN O'CONNELL, ET AL. | Case No. 1:12-cv-01330-JDB-JMF |

## MOTION FOR ORDER TO PERMIT SETTLEMENT DISCUSSIONS

Defendant O'Connell, through undersigned counsel, requests permission to engage in good-faith settlement discussions with Plaintiff to explore possible opportunities to resolve this matter outside of the courtroom.

### I. FACTUAL BACKGROUND

On September 25, 2012 Judge Facciola issued a Memorandum Order ("Order") allowing Plaintiff to issue subpoenas to the applicable ISPs subject to certain conditions. *See* Docket #9. In addition to the discovery provisions, Judge Facciola ordered that "Plaintiff may not engage in any settlement discussions with any persons identified by the ISPs in response to the subpoenas." *Id.* at 3. In issuing the Order, Judge Facciola references his August 6, 2012 Memorandum Opinion (Docket #23) in *West Coast Productions, Inc. v. Does 1-1434*, Civil Action No. 11-55 (JEB/JMF) ("Opinion"). In his Opinion, Judge Facciola states, in relevant part:

> "I have decided to preclude plaintiff from communicating directly with the Doe defendants prior to plaintiff's naming these individuals as actual defendants in the complaint. Once they are named, further communications with them will require my permission."

*Id.* On December 14, 2012, Defendant O'Connell, through undersigned counsel, filed his Answer/Counterclaim with the court. This Motion follows.

## II. ARGUMENT

Defendant O'Connell seeks permission to participate in good faith settlement negotiations with Plaintiff. Precluding settlement options does not have the desired effect of protecting Defendant O'Connell, who has now been formally named in this suit, and may have the opposite effect of reducing opportunity to resolve this dispute amicably.

Judge Facciola, in his Memorandum Opinion ("Opinion") (Docket #23) in West Coast Productions, Inc. v. Does 1-1434, Civil Action No. 11-55 (JEB/JMF), explains that an important consideration in his Order is "the prospect of plaintiff's making settlement offers to the Doe defendants when these individuals may not be aware that they have legitimate defenses." Opinion at 14. Moreover, Judge Facciola expresses concern that the purported defendants may not be aware of the "the defenses of lack of jurisdiction over the person, improper venue, and improper joinder." *Id.* Furthermore, Judge Facciola expresses concern that if purported defendants "proceed pro se, without a lawyer, then [the defendant] will have to defend himself as best as he can, either by relying on his own wits or by resorting to "legal" forms available on the Internet." Opinion at 12. While these concerns are certainly valid, Defendant O'Connell is of the opinion that precluding settlement negotiations is no longer appropriate.

First, Defendant O'Connell's independent counsel will be equipped to advise Defendant O'Connell of all legitimate defenses. Undersigned counsel has represented over one hundred clients in these types of copyright infringement claims, including numerous cases against the present Plaintiff, Malibu Media, LLC.

Second, formal representation by counsel precludes the Court's concern about *pro se* representation, and the problem of "legal forms." Undersigned has appeared in numerous

copyright litigation matters in this and other federal courts and is well equipped to understand and appropriately respond to all legal issues that may arise in this proceeding.

Third, and perhaps most importantly, counsel will be equipped to advise Defendant O'Connell as to the settlement option, and the opportunity cost of pursuing that option compared to engaging in litigation. Undersigned has a strong understanding of the risks and rewards presented by settlement and litigation options, respectively. Undersigned will advise his client accordingly.

## CONCLUSION

Given the foregoing, Defendant O'Connell respectfully requests that Defendant O'Connell, through counsel, be allowed to participate in good faith settlement discussions with Plaintiff.

Respectfully submitted,

_____
Eric J. Menhart (Bar No. 975896)
Lexero Law
10 G St NE Suite 710
Washington, DC 20002
Phone: 855-453-9376
Fax: 855-453-9376
eric.menhart@lexero.com

## **CERTIFICATE OF SERVICE**

A copy of the foregoing will be electronically filed via ECF.

_____
Eric J. Menhart